# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DANA LOESCH, ) | |
| ) | |
| Plaintiff, ) | Cause No.: |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| BREITBART.COM, LLC, ) | |
| a California limited liability company, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Dana Loesch, by and through Kayira LLP, submits to the Court its Complaint, and for its causes of action against Defendant Breitbart.com, LLC, states as follows:

## Introduction

This case concerns a poorly managed but well meaning relationship gone tragically awry, resulting in the attempt by one vindictive party to sabotage the reputation and career of another. That relationship is between Breitbart.com, LLC, the owner and operator of the conservative news and opinion aggregator at Breitbart.com, and Dana Loesch, a St. Louis writer, speaker, and commentator whose profile has risen nationwide. Well meaning, in that Andrew Breitbart himself, founder of Breitbart.com, LLC, spoke of Loesch in February 2010 as "this amazing person who just emerged out of nowhere, who had this amazing spirit and had the ability to write – who was almost the embodiment of everything that I want to happen with journalism."

Indeed, beginning with guest appearances on a local radio news and commentary show in 2007 and through her own weeknight evening radio program, Loesch has generated a substantial following in multiple media communities nationwide. By the time that Breitbart engaged Loesch as the new editor for BigJournalism.com, a component of Breitbart.com, she had already secured

for herself a daytime radio slot, an endorsement deal, and numerous speaking opportunities on major cable news networks. Loesch would have appeared to be the perfect fit for Breitbart.com, so much so that by the Fall of 2012, she had been identified as the "face of the Breitbart empire".

It was supposed to be a relationship of mutual trust, benefit, and success. Loesch had even agreed to render her name and her services as editor to Breitbart.com, LLC on an exclusive basis, much to the web company's own benefit. However, the external success of Loesch and Breitbart.com masked the emerging internal difficulties the new company had with managing the media "empire". For reasons that may just as easily be attributed to basic ideological conflicts, the working environment for Loesch became increasingly hostile. Conditions worsened so much that Loesch was forced to terminate her engagement with Breitbart.com, as was her right under the express terms of her contract with them.

Unfortunately, and in stark contravention of its agreement with Loesch, Breitbart.com, LLC continues to insist on binding Loesch to what amounts to an indentured servitude in limbo. On the one hand it refuses to publish Loesch's contributions to the site, and otherwise precluding her from fulfilling her duties as editor. On the other hand, it sabotages her attempts to labor in a similar fashion elsewhere through public misstatements and private threats to sue those who would otherwise employ Loesch.

For these reasons, Loesch now seeks relief from this Court against those that would seek to suppress her livelihood out of what can only be a personal and misplaced sense of vindication.

**Parties, Jurisdiction, and Venue**

1.      Plaintiff Dana Loesch (hereinafter "Loesch" or "Plaintiff") is and at all relevant times has been a Missouri resident domiciled in St. Louis, Missouri.

2. Defendant Breitbart.com, LLC ("Defendant") is and at all relevant times has been a California limited liability company with a principal place of business at 541 Cashmere Terrace, Los Angeles, CA 90049.

3. This Court has personal jurisdiction over Defendant pursuant to Missouri's long arm statute because Defendant formed a contract with Loesch in St. Louis, Missouri, in that Defendant offered Loesch a written Internet Editor Services Employer Agreement and Loesch accepted Defendant's offer in St. Louis, Missouri, and Loesch's cause of action arises from that contract. *See* Mo. Rev. Stat. § 506.500.1(2).

4. This Court has jurisdiction to issue declaratory judgments under 28 U.S.C. §§ 2201-02.

5. This Court has original jurisdiction based upon diversity of the parties, as provided in 28 U.S.C. §1332(a). Plaintiff if an individual domiciled in St. Louis, Missouri. Defendant is a California limited liability company with a principal place of business in Los Angeles, California. The matter in controversy exceeds seventy-five thousand dollars ($75,000.00).

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

**Facts Common to All Counts**

7. Loesch is and has been a nationally recognized conservative talk radio host, speaker for the Tea Party movement (an American political movement that advocates strict adherence to the United States Constitution), and written commentator on political and social issues.

8. Defendant owns and operates Breitbart.com, a conservative news and opinion website, with component parts including BigHollywood.com, BigGovernment.com, BigPeace.com, and BigJournalism.com.

9. Prior to October 1, 2010, Defendant offered Loesch a position as an Editor for Breitbart.com, and Loesch accepted the same in St. Louis, Missouri. Specifically, and pursuant to a written Internet Editor Services Employment Agreement dated October 1, 2010 ("Agreement"), Defendant engaged Loesch to "perform the customary duties and functions of an Internet editor of and blogger for [Defendant's] websites, including without limitation, [Defendant's] 'Big Journalism' website, and to provide such other customary editing, consulting, writing, blogging, videoblogging, production, administrative and/or other related services as may reasonably be requested by [Defendant] with respect to [Defendant's] business activities" on an exclusive basis.

10. The Agreement provided for an initial term of one (1) year, commencing on October 1, 2010. The Agreement also provided Defendant with the unilateral ability to extend the term of the Agreement via two (2) successive one-year options, unless the term of the Agreement was terminated earlier in accordance with its provisions. Each year constituting the term of the Agreement, whether during the initial period or a successive option period, is identified in the Agreement as a "Contract Year".

11. In order to exercise an option to extend the term of the Agreement for an additional year, the Agreement provided that Defendant "shall give [Loesch] notice no less than ten (10) days notice [sic] prior to the end of the then-applicable Contract Year."

12. The Agreement provides that if "[Loesch] shall continue to render [her] services, with [Defendant's] consent, after the expiration of the Term without a new written contract

and/or written addendum or other amendment to this Agreement fully executed by the Parties, any such continuance shall be deemed to be a continuation of this Agreement in effect on a month-to-month basis under the same terms and conditions set forth herein, with the exception of the Term ('Month-to-Month Continuation')."

13.   At all relevant times, Defendant fully performed her obligations under the Agreement in St. Louis, Missouri.

14.   During the period identified as the Month-to-Month Continuation, the Agreement provides that "any Party may terminate this Agreement upon giving thirty days written notice to such effect to the other Party."

15.   By October 10, 2011, Defendant had failed to notify Loesch that it would be exercising an option to extend the term of the Agreement for an additional year.

16.   Beginning October 10, 2011, Loesch continued to render her services as an Internet editor with Defendant's consent.

17.   During this time, Loesch continued to render services under the Agreement without a new written contract, written addendum or other amendment to the Agreement fully executed by Loesch and/or Defendant.

18.   On or about September 13, 2012, Loesch issued written notice to Defendant that she was terminating the Agreement in thirty (30) days from the date of the notice.

19.   On or about September 14, 2012, Defendant replied in writing that it did not acknowledge Loesch's termination notice, but that it would be extending the term of the Agreement for an additional one (1) year period.

20. Since that time, Defendant has disabled Loesch's ability to make written contributions to Breitbart.com and to otherwise perform services as an Internet editor under the Agreement.

21. Since that time, Defendant has made public remarks stating that Loesch is still a contributor with Breitbart.com.

22. Since that time, upon information and belief, Defendant has made remarks to its affiliates and competitors that Loesch is still exclusively engaged with Defendant as an Internet editor.

23. Since that time, Defendant has otherwise precluded Loesch from seeking similar employment as an Internet editor or otherwise by threatening legal action against Loesch and against Defendant's competitors who would otherwise employ Loesch.

24. As a result of Defendant's statements and acts, Loesch has been precluded from earning a living as an Internet editor or otherwise and has suffered damages as a direct result thereof in an amount exceeding $75,000.00.

## **COUNT I – DECLARATORY JUDGMENT**

25. Loesch hereby realleges and incorporates the foregoing paragraphs of this Complaint as if fully stated herein.

26. Beginning October 10, 2011, the term of the Agreement entered into the Month-to-Month Continuation.

27. Loesch's September 13, 2012 writing to Defendant constituted written notice of termination under the Agreement, such that the term of the Agreement expired under its own terms on or around October 13, 2012.

28. Defendant denies that the term of the Agreement has expired under its own terms, has issued statements to third parties denying that the Term of the Agreement has expired under its own terms, and has otherwise precluded Loesch from seeking employment as an Internet editor or otherwise.

29. As a direct result of Defendant's statements and acts, Loesch has been precluded from practicing her skill as an Internet editor and commentator, from enjoying the benefits of a reputation therefor, and from earning a living as an Internet editor or otherwise.

31. Loesch has suffered actual damages as a direct result of Defendant's foregoing statements, acts, and omissions in an amount to be determined at trial, but exceeding $75,000.00.

32. An actual and justiciable case or controversy exists between Loesch and Defendant regarding the term of the Agreement and their respective rights under the Agreement.

33. Accordingly, Loesch is entitled to an order from the Court declaring that the term of the Agreement has expired under its own terms and that Loesch is not otherwise retrained under the Agreement from seeking employment as an Internet editor or otherwise, her damages, and such further relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against all Defendants as follows:

a. A declaration that the term of the Agreement has expired under its own terms;

b. A declaration that Plaintiff is not otherwise restrained by the Agreement from seeking employment as an Internet editor or otherwise;

c. An award of compensatory damages in an amount to be determined at trial, but exceeding $75,000.00;

d. All other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial.

                              Respectfully submitted,


                              KAYIRA, LLP


                              By:/s/ Eric Kayira
                                  Eric F. Kayira, 50762MO
                                  Brian R. O'Connor, 61905MO
                                  10 S. Lyle Ave.
                                  Clayton, Missouri 63104
                                  Telephone: 314-727-3100
                                  Facsimile: 314-727-3101
                                  eric.kayira@kayiralaw.com
                                  brian.oconnor@kayiralaw.com
                                  ***Attorneys for Plaintiff Dana Loesch***